**Abatement Order filed November 20, 2015**



In The

# Fourteenth Court of Appeals

—————————

## NO. 14-15-00733-CR

—————————

**GLENN E. MARSH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Criminal Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 2012591

## ABATEMENT ORDER

The reporter's record has not been filed in this appeal. The court reporter has informed the court that appellant has not paid or made arrangements to pay the reporter's fee to prepare the reporter's record. *See* Tex. R. App. P. 37.3(c)(2)(A). Appellant is represented by retained counsel, Peter Justin. On September 2, 2015, the clerk of this court notified appellant that we would consider and decide those issues that do not require a reporter's record unless appellant, within 15 days of

notice, provided this court with proof of payment for the record. *See* Tex. R. App. P. 37.3(c). Appellant filed no reply.

On October 15, 2015, this court ordered retained counsel, Peter Justin, to file a brief in this appeal on or before November 16, 2015. The court instructed that if counsel did not timely file the brief as ordered, we would issue an order requiring the trial court to hold a hearing on the matter. This court is unaware whether appellant is entitled to proceed without the payment of costs. *See* Tex. R. App. P. 37.3(c)(2)(B). Accordingly, we enter the following order. *See* Tex. R. App. P. 35.3(c).

We ORDER the judge of the County Criminal Court at Law No. 3 to immediately conduct a hearing at which appellant, appellant's counsel, and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. The judge may appoint appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, the court's findings and conclusions, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will

also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM